## In re Commercial Trust Company. No. 2

Samuel Handler, for exceptant.

Mark T. Milnor and Thomas R. Wickersham, contra.

WICKERSHAM, J., February 20, 1933.—This case comes before the court on exceptions of the Schlitz Brewing Company to the first and partial account of William D. Gordon, Secretary of Banking of the Commonwealth of Pennsylvania, in possession of the business and property of the Commercial Trust Company, of Harrisburg, Pa.

It is claimed by the exceptant, the Schlitz Brewing Company, that it is entitled to a preferred claim and that it should be paid in full for said claim amounting to $53.90. The accountant refused to allow said claim to be preferred.

The facts in the case have been stipulated, signed by the attorney for the Secretary of Banking and the attorney for Schlitz Brewing Company, and are as follows:

1. On or about September 26, 1931, Schlitz Brewing Co., of Milwaukee, Wis., shipped to the Central Food Products Co., in the City of Harrisburg, Pennsylvania, certain merchandise with sight draft and bill of lading attached.

2. Said draft, drawn on the Central Food Products Co., and payable to the order of the Commercial Trust Company, was sent to the Commercial Trust Company by Schlitz Brewing Co. for collection and remittance only. A true copy of said draft is as follows:

"SCHLITZ BREWING COMPANY
"Milwaukee, Wis., Sept. 26, 1931.          No. 1000
"Pay to the order of Commercial Trust Co., Harrisburg, Pa., the sum of Fifty Three & 90/100 Dollars——$53.90. Payable at sight.
"Value received and charge to account of

"ENTERED
"A. J. L.
"SCHLITZ BREWING CO.
"By A. J. Lofland

"Central Food Prod. Co., 210 Chestnut St., Harrisburg, Pa.
"For collection
"With exchange
          Attached."

3. On or about October 8, 1931, said draft was presented for payment by the Commercial Trust Company to the Central Food Products Co., and the same was paid.

4. On the date of payment neither Schlitz Brewing Co. nor the Central Food Products Co. was a depositor of the Commercial Trust Company.

5. Said draft was paid for in cash and the money so received was mingled by the Commercial Trust Company with the general funds of the bank, but accounted for in the collection ledger of the trust company.

6. On October 8, 1931, the Commercial Trust Company, by Howard A. Lebo, its assistant treasurer, issued its treasurer's check, payable to the order of Schlitz Brewing Co., in the amount of $53.90, in payment of the draft which had been collected as aforesaid, and at the same time but without the knowledge of the Schlitz Brewing Co., a bookkeeping entry was made marking the said item "paid". A true copy of said check is as follows:

"COMMERCIAL TRUST COMPANY      60-90
"of Harrisburg
"Harrisburg, Pa., October 8, 1931     ,    No. 14919
"Pay to the order of—SCHLITZ BREWING Co.—$53.90
"Commercial
"Trust Co.    $53 and 90 cts.    &&        Dollars
                   100
"Treasurer's Check

"HOWARD A. LEBO
"Assistant Treasurer"

7. On October 10, 1931, said treasurer's check was placed for collection by Schlitz Brewing Co. with the First Wisconsin National Bank in Milwaukee, Wis., and was forwarded by said bank through the regular banking channels and on or about October 16, 1931, was presented for payment to the said Commercial Trust Company.

8. Payment of said treasurer's check was refused by said Commercial Trust Company, because on October 15, 1931, its business and property had been taken in possession by William D. Gordon, Secretary of Banking, for the purpose of liquidation.

The questions involved are:

1. What was the relationship between the Commercial Trust Company and the Schlitz Brewing Co., relative to the collection of the draft?

2. Is the Schlitz Brewing Co. entitled to a preference in the amount of the draft collected by the Commercial Trust Company, and hence entitled to have its claim paid in full, or is its status that of a depositor or common creditor?

We think the answer to the first question involved is perfectly obvious. The relation between the sender and collector is that of principal and agent and the trust is an express one: Cameron v. Carnegie Trust Co., 292 Pa. 114; Act of June 12, 1931, P. L. 568. The fact that the draft referred to in the stipulation of facts was paid for in cash and the money so received was mingled by the Commercial Trust Company with the general funds of the bank is not material. "The courts will not enforce a custom which is bad; hence they will not sustain one which attempts to justify an insolvent banking institution in mingling with its own funds money collected by it as agent only:" Cameron v. Carnegie Trust Co., supra. That the total amount of the commingled funds was at the time sufficiently large to make good the amount thus collected appears from the sixth paragraph of the stipulation of facts: otherwise the treasurer would not have issued the treasurer's check payable to the order of the Schlitz Brewing Company for the amount of the money collected on the draft of said company and in payment of the draft which had been collected. Therefore this court will, on distribution of the comingled funds, award to the principal the amount due him, if the effect of deciding otherwise would be to give to other distributees a greater share than they would have received but for the wrongdoing of the agent: Cameron v. Carnegie Trust Co., supra. We think that to adopt the schedule of distribution found in the first and partial account of the accountant, William D. Gordon, Secretary of Banking, would have the effect of giving to other distributees a greater share than they would have received

but for the wrongdoing of the agent. No one, however innocent he may be, will be permitted to benefit by the wrongdoing of another, if the result will be to make effective the injury to the person wronged, and it is equitably possible to prevent such a result: Cameron v. Carnegie Trust Co., supra.

Evidently the legislature had this thought in mind in enacting the Bank Collection Act of 1931, supra. Paragraph (c) of section 13 of said act provides as follows (p. 572):

"(c)   Where an agent collecting bank, other than the drawee or payor, shall fail or be closed for business as above, after having received in any form the proceeds of an item or items entrusted to it for collection, but without such item or items having been paid or remitted for by it either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such failed collecting or other bank debtor therefor, the assets of such agent collecting bank which has failed or been closed for business as above shall be impressed with a trust in favor of the owner or owners of such item or items for the amount of such proceeds, and such owner or owners shall be entitled to a preferred claim upon such assets, irrespective of whether the fund representing such item or items can be traced and identified as part of such assets or has been intermingled with or converted into other assets of such failed bank."

Having this section of the act in mind, together with the law as stated in Cameron v. Carnegie Trust Co., supra, we are of opinion that the second question involved must be answered as follows: The Schlitz Brewing Company is entitled to a preference in the amount of the draft collected by the Commercial Trust Company and hence to have its claim paid in full.

We have carefully considered the authorities cited by counsel for the Secretary of Banking but are of the opinion they are not applicable or controlling in the instant case. The constitutional question raised at the argument of this case before the court in banc has been withdrawn.

Since writing this opinion, counsel for the Secretary of Banking has filed a supplemental brief in which he states, inter alia: "Depositors of a closed bank or trust company are in a class by themselves and entitled to first preference for the reason that their moneys made it possible for the institution to do business." He relies upon Cameron's Account, 287 Pa. 560.

We think the answer to this contention is twofold. In the first place neither the Schlitz Brewing Company nor the Central Food Products Co. were depositors with the Commercial Trust Company, which was acting as banking agent to collect the draft sent to it by the Schlitz Brewing Company; and as soon as this money was paid to the trust company, as we have heretofore pointed out, the treasurer of the trust company sent his check to the Schlitz Brewing Company, but before the check was returned to the bank through the usual course of banking procedure the said trust company had closed its doors.

Secondly, we have carefully examined the case referred to by counsel for the Secretary of Banking and note what was said by Mr. Justice Simpson with relation to the preference given to depositors and his substantial reason. It must not be overlooked, however, that the Supreme Court, in deciding Cameron's Account, was interpreting the Act of May 23, 1913, P. L. 354. It may well be that because of this decision the Act of 1931, heretofore referred to, was enacted by the legislature. In any event we find nothing in this decision or in the supplemental brief of counsel for the Secretary of Banking which moves us to alter the conclusion we have already reached.

And now, February 20, 1933, for the reasons above stated the exceptions of the Schlitz Brewing Company to the first and partial account filed by William D. Gordon, Secretary of Banking of the Commonwealth of Pennsylvania, in

116

possesison of the business and property of the Commercial Trust Company of Harrisburg, Pa., are hereby sustained, and we direct that the amount of the draft collected by the Commercial Trust Company, amounting to $53.90, be paid in full.

From Homer L. Kreider, Harrisburg, Pa.